IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON CHRISTOPHER DAVIS, #13009827, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0040-KD-N |
| JODY WISE, | : | |
| Defendant. | : | |

## ORDER

### Complaint's Screening

This action is before the Court for the complaint's screening because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). This section requires the Court to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). In reviewing Plaintiff's complaint, the Court finds that it fails to state a claim upon which relief can be granted and is, therefore, due to be dismissed. Instead of the dismissing the complaint at this juncture, Plaintiff is **GRANTED** leave to file an amended complaint on the Court's § 1983 complaint form and is **ORDERED** to file it no later than **June 16, 2022** for the purpose of stating of claim by the correcting the deficiencies noted by the Court below and by pleading a complaint that complies with the Federal Rules of Civil Procedure. *See Langlois v. Traveler's Ins. Co.,* 401 F. App'x 425, 427 (11th Cir. 2010) (a *pro se* plaintiff is to be given at least one chance to amend the complaint before dismissal

where a more carefully drafted complaint might state a claim) (citation and internal quotation marks omitted).  The amended complaint will replace the original complaint. *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff shall not rely on his original complaint, as it is considered abandoned.  *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006).

      The complaint contains very few facts.  It is mostly filled with vague and conclusory allegations.  The few facts indicate that Plaintiff was arrested in 2019 for an unidentified criminal violation, and as a result, he was incarcerated in the Baldwin County Jail for ten months, where he "fil[ed] motions and writs . . . which the court did not recognize or honor. . . ." (Doc. 1 at 4).  He could not exercise his rights, which were not identified, and had "no access" or "remedy for relief," which are not identified.  (Id.). In 2021, he was re-arrested on an indictment, which was not described, and which he claims should not have been returned due to the statute of limitations.  (Id.).  He then refers the Court to "evidence in CC-2021-000231.00," which is with Defendant Clerk Jody Wise and on the tablets the jail.  (Id.).  He complains that no action has taken place, and the courts have ignored him.  (Id.).  He requests compensation for depriving him of "life, liberty, and freedom as well as [for] mental anguish, pain and suffering, and lost assets . . . [and] time."  (Id.).

      The only person listed as a Defendant in Section III of the complaint form is Jody Wise, Clerk of Baldwin County Court.[1]  (Doc. 1 at 5).  She is alleged to have "violat[ed]

---

[1] In the style of the case, Plaintiff named the Baldwin County Court as a Defendant.  However, the complaint form instructs that persons named as Defendants in Section III of the form are the only persons considered by the Court to be Defendants to this action.  Furthermore, § 1983 requires that a "person" be named as a Defendant; the Baldwin County Court is not a person for § 1983 purposes.  *Williams v. Monroe Cty. Dist. Att'y*, 702 F. App'x 812, 814 (11th Cir.) (a state

his civil rights."  (Id.).  However, Plaintiff's allegations do not indicate what Defendant Wise personally did to violate his rights.  Nor do the allegations state that a policy or a custom of Defendant caused the violation.  Cf. Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) ("to establish supervisory liability under § 1983, a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation[,]" [such as] . . . , inter alia, when 'the supervisor's policy or custom resulted in deliberate indifference'").

**Pleading Directives**

**Section 1983 Pleading Requirements**

To state a claim, § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); 42 U.S.C. § 1983.  A causal connection is required to be shown in a § 1983 action between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a claim.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  A plaintiff can demonstrate this causal connection by alleging facts that show what each defendant did to violate his constitutional or federal rights or, to state it another way, that show how each defendant was involved in his claim for a

---

court is not a person for § 1983 purposes), cert. denied, 138 S.Ct. 1319 (2018).

violation of his constitutional or federal rights.

However, in a § 1983 action, negligent conduct cannot serve as a basis for liability. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). And a supervisory official cannot be held liable solely based on a subordinate's actions. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Rather, to state a § 1983 claim against a supervisory official, a plaintiff must allege that the supervisor either "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Franklin,* 738 F.3d at 1249. This causal connection may be shown through a supervisor's "policy or custom," *id.*, a history of widespread abuse, or the supervisor directing the subordinate to act unlawfully or knowing the subordinate would act unlawfully, he failed to stop him. *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir.), *cert. denied,* 552 U.S. 1095 (2008). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003) (citation and internal quotations marks omitted).

**General Pleading Requirements for a Federal Civil Complaint**

A civil complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. FED.R.CIV.P. 8(a).[2] A complaint must contain

---

[2] Rule 8(a) provides:

  (a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

"enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  This requires the pleading of "more than labels and conclusions," "a formulaic recitation of the elements of a cause of action," "an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949.  While the "complaint 'does not need detailed factual allegations, [it still] must give the defendant fair notice of what the plaintiff's claim is and the [factual] grounds upon which it rests[.]" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotation marks omitted).  Allegations not supported by facts will be vague and conclusory and, therefore, subject to dismissal.  *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).  Moreover, to show a defendant is liable for the misconduct, a plaintiff is required to "include factual allegations for each essential element of his or her claim."  *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir.), *cert. denied,* 568 U.S. 1088 (2013).

### Pleading Requirement for an Access-to Courts Claim

Considering the tenor of Plaintiff's allegations, the undersigned finds that Plaintiff

---

(3) a demand for the relief sought. . . .

FED.R.CIV.P. 8(a).

is bringing an access-to-courts claim. The right of access to the courts arises from the several sources, including the First, Fifth, and Fourteenth Amendments. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 2187 n.12, 153 L.Ed.2d 413 (2002). To state a § 1983 claim for denial of access to courts, an inmate must show that he has suffered an injury. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). The injury that must be shown is a "nonfrivolous legal claim had been frustrated or was being impeded" in his prosecution of his conviction through direct or collateral proceedings or of a civil rights action implicating a basic constitutional right. *Id.* at 353-54, 116 S.Ct. at 2181-82; *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416, 122 S.Ct. at 2187. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182.

When pleading the amended complaint, Plaintiff is again cautioned that he must comply with the pleading requirements of Rule 8(a), *Twombly, supra*, and *Iqbal, supra*. The failure to timely file an amended complaint that complies with the Court's pleading directives and corrects the noted deficiencies will result in the dismissal of his action for failure to comply with the Court's order. *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x

987, 992 (11th Cir.)[3], *cert. denied,* 577 U.S. 1013 (2015) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).  Furthermore, the failure to advise the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order.

The Clerk is **DIRECTED** to send the Court's § 1983 complaint form to Plaintiff.

**DONE** and **ORDERED** this  6th   day of June 2022.

/s/ *Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).