# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| AARON CHRISTOPHER DAVIS, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO 1:22-00040-KD-N |
| JODY WISE, | : |
| Defendant. | : |

## **REPORT AND RECOMMENDATION**

Plaintiff Aaron Christopher Davis, a Baldwin County Corrections Center inmate[1] proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### **I. Amended Complaint.** (Doc. 8).

The operative complaint in this action is the amended complaint that Davis was ordered to file after the Court determined the original complaint failed to state a claim upon which relief could be granted. (Doc. 6, PageID.24, citing *Langois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010), requiring that a *pro se* plaintiff be given one chance to amend a complaint before dismissal if a more carefully drafted complaint may state a claim). In its order the Court advised Davis how to plead a claim for denial of

---

[1] Subsequently, Davis was transferred to the Escambia County Jail in Pensacola, Florida. (Doc. 5 at 1, PageID.22).

access to courts and that the amended complaint would replace the original complaint. (*Id.* at 5, PageID.28).

In the brief amended complaint, Davis named Jody Wise, Clerk of the Baldwin County Jail[2], as the only Defendant. According to Davis, he was incarcerated in the Baldwin County Jail from June 2019 to March 2020 on charges for petty theft and possession of "CDS." (*Id.* at 4, PageID.36). While incarcerated, Davis "attempted to access the courts to prepare [his] defense, i.e., discovery[,] witnesses['] statements, lab testing[,] e[tc.]. . . [and] pretrial motions[,] to which there was no response." (*Id.*). And Defendant Wise created "an impediment," which denied him access to courts. (*Id.*). This resulted in him serving seventeen months on a charge that has a maximum sentence of one year. (*Id.*). For relief, Davis requests that Wise be restrained from future conduct, and that he be compensated for his time in custody. (*Id.* at 7, PageID.40).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Davis is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

---

[2] Jody Wise Campbell has been known to the Court as the Clerk of the Circuit Court of Baldwin County, Alabama. https://gulfcoast media.com /stories/campbell-retires-after-18-years-as-baldwin-county-circuit-court-clerk, posted June 3, 2022, Circuit Court Clerk Jody Wise Campbell retires (last visited October 24, 2022). *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("Courts can take notice of certain facts without formal proof but only where the fact in question is 'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201(b). . . . [C]ourts ordinarily take judicial notice . . . of political history. . . ."), *cert. denied*, 522 U.S. 1049 (1998)).

A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true

conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

Davis specified that his claim was for denial of access to courts. (Doc. 8 at 5, PageID.37). The right of access to the courts arises from the several sources, namely, the First, Fifth, and Fourteenth Amendments. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 2187 n.12, 153 L.Ed.2d 413 (2002). To state a § 1983 claim for denial of access to courts, an inmate must show that he has suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). "The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). The injury that must be shown is that the defendant "frustrated" or "impeded" a "nonfrivolous legal claim" in a direct or collateral proceeding attacking the plaintiff's conviction or sentence or in a civil rights action implicating a basic constitutional right. *Lewis*, 518 U.S. at 353-54, 116 S.Ct. at 2181-82 ("inmates [can] pursue direct appeals from the convictions for which they were incarcerated . . . . or habeas petitions . . . . [and] we extend[] this universe of relevant claims only slightly, to 'civil rights actions'—i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'") Stating this another way, "only specific

types of legal claims are protected by this right, namely, the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." *Hyland v. Parker,* 163 F. Appp'x 793, 798 (11th Cir. 2006); *see Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (same). The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope*." Christopher*, 536 U.S. at 416, 122 S.Ct. at 2187. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration*." Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, Davis's allegations, for the most part, are lacking in specificity. Davis does not advise if either of the charges on which he was incarcerated concluded in a conviction. Furthermore, he has not described the underlying action in which he was denied access to courts. Rather, he has left the Court to speculate that the underlying action is one of his criminal cases when he referred to "defense." *Cf. Gilbert v. Gunja*, 184 F.3d 817, at *1 (5th Cir. 1999) (unpublished) (no violation of access to courts occurred when the inmate was denied access to Texas books to challenge a child support judgment against him because it was not the type of case to which *Lewis* limited a prisoner's right of access to courts); *Wilson v. Blankenship*, 163 F.3d 1284, 1287 (11th Cir. 1998) (finding that a forfeiture action was not one of the actions recognized by *Lewis* in which an inmate may have a claim for the denial of access to courts). The Court, however, will not speculate as Rule 8(a) requires that a short and plain statement of the claim be pled. Fed.R.Civ.P. 8(a); *see Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966 (the allegations must show plausibility to state a claim). Moreover, Davis has not shown

through his allegations that his underlying action was nonfrivolous. He further alleges that "Defendants created an impediment which denied him access to the court." (Doc. 8 at 4, PageID.36). This impediment is not described, much less it is not connected to Wise and by conduct that is greater than negligence. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights to state a § 1983 claim); *Troupe v. Sarasota Cnty., Fla.,* 419 F.3d 1160, 1165 (11th Cir.) (a defendant must be the proximate cause of a plaintiff's injuries with no intervening cause to break the chain of causation), *cert. denied*, 547 U.S. 1112 (2006); *see also Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (the "negligent act of an official causing unintended loss of or injury to life, liberty, or property" is simply not implicated under the Constitution).

In addition, Davis did not convey whether counsel was appointed for him or if he waived a right to counsel in his criminal proceedings. *Cf. Jacobs v.* Georgia, 820 F. App'x 882, 887 (11th Cir. 2020) (representation by counsel in his criminal case prevented a plaintiff from claiming that his criminal case was the underlying case in which he was injured by limited access to the library). Due to these deficiencies in pleading his claim for denial of access to courts, Davis has failed to state a claim upon which relief can be granted.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 2nd day of December 2022.

*/s/ Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**