IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AARON CHRISTOPHER DAVIS, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 22-0040-KD-N |
| JODY WISE, | : |
| Defendant. | : |

ORDER

This action is before the Court on the Report and Recommendation of the Magistrate Judge (doc. 10) and Aaron Christopher Davis' objections (doc. 12). The Magistrate Judge recommended dismissal of Davis' 42 U.S.C. § 1983 amended complaint against Baldwin County Court Clerk Jody Wise. The Magistrate Judge found that the amended complaint failed to state a claim upon which relief can be granted.

In his objections, Davis alleges that he "repeatedly filed *pro se* motions properly with no response from" Wise (doc. 12, p. 2). He states that he "received no receipts stating said motions had been filed or processed." (Id.). From this absence of "response" or "receipts" Davis appears to believe that Wise did not file the motions. Specifically: "Having not filed any of the above stated motions establishes a causal connection and gross negligence of duties thus breaking the chain of causation due to the fact that Davis had no counsel during the filing of said motions." (Id.) (underlining in original). From this perceived lack of access, Davis asserts that he was "disallowed … from exercising his basic constitutional rights and therefore created an injury toward the outcome of Davis' Case: Case number CC-2021-000231.00" (Id.).

Davis is mistaken and his objections are overruled. The absence of a "response" or a

"receipt" does not mean that Wise did not file his motions. To the contrary, review of the Alabama SJIS Case Detail[1] for District Court of Baldwin County Criminal Action No. 2019-001918.00 (copy attached) shows that Davis' motions and letters were docketed. The following were docketed between March 2019 and March 2020:

1) Motion for speedy trial, docketed June 12, 2019.
2) Request for bond reduction, docketed June 12, 2019.
3) Motion to suppress,[2] docketed June 13, 2019.
4) Request for a signature bond, docketed July 8, 2019.
5) Request for speedy trial and bond reduction, docketed July 11, 2019.
6) Request to plea, docketed July 15, 2019, was "disposed" with "no action."
7) Motion for bond reduction, docketed August 13, 2019.
8) Letter from Davis, docketed October 4, 2019.
9) Affidavit of substantial hardship, docketed October 8, 2019.
10) Request to remove counsel, docketed November 25, 2019.
11) Motion to dismiss, docketed December 12, 2019.
12) Motion to set aside motion, docketed February 10, 2020.

At the preliminary hearing, the District Court Judge found probable cause existed and the action was bound to the Grand Jury. Davis was indicted in January 2021. Circuit Court of Baldwin County Criminal Action No. 2021-00231.00 was opened in February 2021. Counsel was appointed and Davis entered a plea of not guilty and waiver of arraignment. Between

---

[1] The Court takes judicial notice of the Alabama SJIS Case Detail. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 812 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage.").

[2] Davis writes that he is both *pro se* and appearing through counsel Mark Lowell. The hand-written motion was signed only by Davis. The docket in the District Court action indicates that counsel was appointed to represent Davis in October 2019.

February 2021 and April 2022, a motion for signature bond and six letters from Davis were docketed in the Circuit Court. See Alabama SJIS Case Detail. www.https://alacourt.gov/

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

Therefore, it is ORDERED that this action is DISMISSED without prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

DONE and ORDERED this 4th day of January 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE